UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ANGELA MOORE**    ) <br>      **Plaintiff,**      ) <br>                          ) <br>                          ) <br>                          ) <br> **v.**                  ) <br>                          ) <br> **FMA ALLIANCE, LTD.** ) <br>      **Defendant**      ) <br>                          ) | CIVIL ACTION <br><br><br><br><br><br><br><br> DECEMBER 2, 2011 |

# COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

2. Plaintiff, Angela Moore, is a natural person residing in Glastonbury, Connecticut and is a consumer as defined by the FDCPA 15 U.S.C. § 1692a(3).

3. The defendant, FMA Alliance, Ltd. ("FMA"), is a Texas corporation that is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

5. This Court has jurisdiction over FMA because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. In or around 2007, Plaintiff leased a vehicle from Schaller Subaru in Middletown, CT ("Schaller"). The vehicle was financed by Chase Auto Finance ("Chase").

8. Neither of Plaintiff's parents co-signed for the lease.

9. In or around 2009, Plaintiff sold the vehicle back to Schaller.

10. A Schaller representative told Plaintiff that they would take her license plates to return to the DMV.

11. Plaintiff sent Chase the title transfer and a check for the payoff amount of approximately $2,000.

12. In or around September 2011, Plaintiff received a letter from JP Morgan in an attempt to collect $1,004.51 of accrued auto taxes.

13. In or around September 2011, FMA began contacting Plaintiff in an attempt to collect approximately $1,200 in property taxes.

14. In or around October 2011, FMA contacted Plaintiff's mother, Jane Moore, in an attempt to collect the debt.

15. The FMA representative who spoke to Jane Moore identified themselves as calling from FMA and asked to speak with Angela.

16. Plaintiff's mother identified herself as such.

17. The FMA representative told Plaintiff's mother that they were calling in order to collect money that Plaintiff owed, that it was extremely important that Plaintiff return their call, and that Plaintiff's credit was going to be damaged as a result of the debt.

18. In or around November 2011, FMA left a message for Plaintiff's mother. The message identified the caller as being from FMA and reiterated the same information as in the call above.

19. The message failed to state that it was a communication from a debt collector.

20. FMA violated the FDCPA by its collection activities as described above.

WHEREFORE, the Plaintiff seeks recovery of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

**PLAINTIFF, ANGELA MOORE**

By: /s/Daniel S. Blinn_____
   Daniel S. Blinn, Fed Bar No. ct02188
   dblinn@consumerlawgroup.com
   Consumer Law Group, LLC
   35 Cold Spring Rd., Suite 512
   Rocky Hill, CT  06067
   Tel. (860) 571-0408; Fax (860) 571-7457

3